[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2010
JOHN LEY
CLERK

No. 09-15871
Non-Argument Calendar

_____

D. C. Docket No. 09-20586-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEOPOLDO JAIME BRYAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 25, 2010)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

After a series of controlled buys and a consensual search netted crack

cocaine, powder cocaine, and a firearm, Leopoldo Jaime Bryan pleaded guilty to

several counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). In pleading guilty, Bryan admitted that the amount of drugs involved was 162.72 grams of crack cocaine and 191.91 grams of powder cocaine.

When the probation officer calculated the applicable guideline range, the offenses were grouped together and the amount of drugs was converted to its marijuana equivalency, which resulted in over 3,292 kilograms of marijuana and a base offense level of 32. The probation officer noted that, due to his criminal history, Bryan qualified as an armed career criminal, which enhanced his offense level to 37 and set his criminal history category as VI. Bryan received a 3-level reduction due to his acceptance of responsibility. With an adjusted offense level of 34 and a criminal history category of VI, the resulting guideline range was 262 to 327 months' imprisonment. The firearm offense carried a mandatory minimum sentence of fifteen years' imprisonment.

Bryan raised no objections to the guideline calculations and requested the court sentence him to the mandatory minimum of fifteen years' imprisonment in consideration of the disparity between crack cocaine and powder cocaine sentencing schemes and in light of his age, which meant that he would be over 70 years old when he finished serving the mandatory minimum sentence.

Although the district court acknowledged the sentencing disparity when crack cocaine was involved, the court rejected Bryan's request for a mandatory minimum sentence. The court explained, "I'm prepared to uphold and enforce the law," but stated that although Congress had changed the guidelines to reflect the disparity, there had been no change to statutory minimum sentences. The court then stated,

> I just wish that some of the proponents of the change in the guidelines [to adjust for the crack cocaine disparity] would step through the . . . Neonatal Intensive Care Unit . . . and witness firsthand newborn children on incubators and ventilators that came into the world addicted to crack cocaine and tell me that there isn't a difference between powder and crack.

The court noted Bryan's extensive criminal history and considered Bryan's arguments and the advisory guideline range before sentencing Bryan within the guideline range to 300 months' imprisonment. This appeal followed.

Bryan raises two issues on appeal. First, he argues that the district court committed procedural error by treating the crack cocaine guidelines as mandatory. He contends that remand is warranted because the court referred to the guidelines as advisory, but treated Congress's decision not to amend the guidelines as established law that it was required to uphold. Second, he argues that the court violated his due process rights by relying on its own misperception regarding the prenatal effects of crack versus powder cocaine, in determining his sentences. We

3

address each in turn.

I.

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* at § 3553(a)(1), (3)-(7).

In reviewing the procedural reasonableness of a sentence, we must ensure that the district court (1) properly calculated the guideline range, (2) treated the guidelines as advisory, (3) considered the § 3553(a) factors, (4) did not select a

sentence based on clearly erroneous facts, and (5) adequately explained the chosen sentence. *Gall*, 552 U.S. at 51. Like all of the sentencing guidelines, the guidelines relating to crack and cocaine are only advisory. *Kimbrough v. United States*, 552 U.S. 85, 91 (2007). As a result, courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in determining whether a within-guidelines sentence is greater than necessary to accomplish the purposes set forth in § 3553(a)(2). *Id.*

Here, the district court referred to the guidelines as advisory and expressly considered non-guideline sentences pursuant to the § 3553(a) factors. Although the court stated that it could consider the disparity between crack cocaine and powder cocaine in determining an appropriate sentence, it was unwilling to do so in Bryan's case given his lengthy criminal history and classification as an armed career offender. Because the court properly calculated the guideline range, treated the guidelines as advisory, considered the § 3553(a) factors, and adequately explained its reasoning, we conclude Bryan's sentences are procedurally reasonable.

## II.

We review questions of constitutional law *de novo*. *United States v. Ward*, 486 F.3d 1212, 1221 (11th Cir. 2007). When a defendant raises a constitutional

5

challenge to his sentence for the first time on appeal, however, we review only for plain error. *Id.* To meet this burden, the defendant must show that there is "(1) error, (2) that is plain, [] (3) that affects substantial rights," and "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

A court may consider out-of-court information in determining a sentence as long as the information is reliable and the defendant has an opportunity to refute it. *United States v. Reme*, 738 F.2d 1156, 1167 (11th Cir. 1984). To establish a due process violation based on the sentencing court's reliance on false or unreliable information, the defendant must show: "(1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." *Id.* We will remand for a new sentencing hearing only if the defendant meets this burden. *Id.*

Here, we conclude that Bryan cannot meet this standard. Even if we assume that the out-of-court information was unreliable, Bryan did not demonstrate that the court actually relied on this information in sentencing him within the advisory guideline range. *See Reme*, 738 F.2d at 1167. The court had already indicated that it would not sentence Bryan below the guideline range when it made the comment about crack-addicted babies. Bryan has not shown that the court's statement

6

influenced the sentences imposed.

For the foregoing reasons, Bryan's sentences are

**AFFIRMED.**